IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE SPENCER, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-04-N-EJL |
| ) | |
| vs. ) | ORDER ON REPORT |
| ) | AND RECOMMENDATION |
| ) | |
| JACK BERGER, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

  On May 28, 2009, United States Chief Magistrate Judge Candy W. Dale issued her Report and Recommendation in this matter (Docket No. 54). Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. On June 8, 2009, Defendants filed an objection to the Report and Recommendation (Docket No. 56). Pursuant to Fed. R. Civ. P. 72(b)(2) and Dist. Idaho Loc. Civ. R. 72.1(b)(2), a party may respond to another parties objections within ten days of being served the objections. As of July 6, 2009, no response to the objection was filed by Plaintiff.

  Pursuant to 28 U.S.C. § 636(b)(1), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b). This review of the motion to dismiss and the Report and Recommendation is undertaken with an eye on Ninth Circuit standards regarding *pro se* litigants. See Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991).

  In the Report and Recommendation, Chief Magistrate Judge Dale found genuine issues of material fact existed regarding the date Plaintiff's claim accrued for purposes of the statute of limitations, so the motion to dismiss (converted to a motion for summary

ORDER - Page 1
09ORDERS\spencer_rnr.WPD

judgment) should be denied, the time limit for service of the Complaint should be extended until the date of service for the Second Amended Complaint, and that the motion to strike ceratin audio CD and transcriptions should be granted. While Defendants continue to contest the disputed date of accrual of the action for purposes of the statute of limitations, the Defendants only objection to the Report and Recommendation is the recommendation that time limit for service of the original complaint be extended until the date the Second Amended Complaint was served upon the Defendants.

It is undisputed that the original Complaint was filed on January 4, 2008 and never served upon the Defendants. On June 27, 2008, the Plaintiff filed his First Amended Complaint and his Second Amended Complaint. The Second Amended Complaint was served on Defendants on June 30, 2008. Defendants argue that pursuant to the 120 day service time limit under Fed. R. Civ. P. 4(m), the Second Amended Complaint should be dismissed as it was not timely served and good cause for an extension has not been established by Plaintiff.

Rule 4(m) provides for the dismissal of an action that is not served within 120 days after the complaint is filed. However, Rule 4(m) also allows the Court to extend the time for service for an appropriate period if plaintiff shows good cause for the failure to timely serve. In this case, the *pro se* Plaintiff mistakenly relied on state court rules which allows service of the complaint within 180 days instead of 120 days. Idaho R. Civ. P. 4(a)(2).

The magistrate judge correctly acknowledged that *pro se* litigants are held to the same procedural rules as counseled litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) and that ignorance of the procedural rules alone is not good cause for not serving the Defendants within the 120 time period. See Townsel v. Contra Costa County, Cal., 820 F.2d 319, 320 (9th Cir. 1987) (counsel's ignorance of the applicable rules of civil procedure did not constitute good cause). Nor did Plaintiff move for an extension of time when Defendants disclosed via a letter on July 15, 2008, that the Second Amended Complaint was not timely served. See Affidavit of Todd Reuter, Docket No. 57. Therefore, this Court

ORDER - Page 2
09ORDERS\spencer_rnr.WPD

agrees with the magistrate judge that Plaintiff's unfamiliarity with Fed. R. Civ. P. 4(m) does not alone constitute good cause.

Defendants argue the Court should not allow a permissive extension of time. The Court respectfully disagrees. The magistrate judge correctly held that even absent good cause, Rule 4(m) grants broad discretion to the Court to extend the time for service even after the 120 day time period has expired. Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007) citing Mann v. American Airlines, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). In this case, the Court agrees with the magistrate judge that in weighing all the factors similar to a statute of limitations bar: prejudice to the defendants, actual notice of the lawsuit and eventual service, that good cause has arguably been established for the time period for service to be extended in this particular case. And if a reviewing court should find that good cause does not exist, the Court would allow a discretionary extension of the service deadline based on the specific facts of this case. See Henderson v. United States, 517 U.S. 654, 661 (1996). If the extension is not allowed and the Second Amended Complaint is dismissed without prejudice, it appears from the facts alleged by Plaintiff that he would be barred from re-filing. Plaintiff is proceeding *pro se* and made a good faith effort to apply with the applicable rules but mistakenly applied the state court time period instead of the federal service time limit. Defendants received notice of the action within approximately 40 days after the 120 day time period expired and have not suffered prejudice in preparing a defense to the allegations. While it is true that Defendants did not have actual notice of the lawsuit until the Second Amended Complaint was served, that fact alone should not prevent the Plaintiff from proceeding with his claims. For all these reasons, Defendants' objection is denied and the Court shall extend the time to serve the complaint on the Defendants until the date the Defendants were served.

In reaching this result to extend the service of process time under the broad discretion granted the Court, the Court is not making a finding regarding the accrual date of the Plaintiff's claim.

Order

Because the Court finds the Report and Recommendation of Judge Dale to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Dale. Acting on the recommendation of Judge Dale, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1) Defendants' Motion to Strike (Docket No. 20) is GRANTED with respect to the audio CD and transcription statements during conversations recorded on the CD.

2) Defendants' Motion to Dismiss/Motion for Summary Judgment (Docket No. 14) is DENIED.

3) The time limit for service of the original Complaint is extended until the date the Second Amended Complaint was served on the Defendants.

DATED: **July 7, 2009**

Honorable Edward J. Lodge
U. S. District Judge